MITRA SHAHRI, OSB#021100
mitra@unlawfultermination.com
ERIC D. WILSON, OSB#044556
eric@unlawfultermination.com
JOEL CHRISTIANSEN, OSB#080561
joel@unlawfultermination.com
MITRA LAW GROUP
The American Bank Building
621 SW Morrison St., Ste. 1300
Portland, Oregon 97205
Tel (503) 243-4545
Fax (503) 243-4546
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DONALD DEMONT,<br><br>                Plaintiff,<br><br>     v.<br><br>STARBUCKS CORPORATION; SHEILA GREY; RYAN JASPERSON; LISA BALL; MEGAN HUMPHREYS-LOVIN; and ERIN COCHELLL<br><br>                Defendants. | Case No. CV 10-644-ST<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.   INTRODUCTION

       Defendants had no objectively reasonable basis for removing this case from state court on the purported ground of diversity jurisdiction and this Court should grant Plaintiff's Motion to Remand. There is not complete diversity in this case because every Defendant excluding

Page 1 -    PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

Starbucks Corporation is a resident of Oregon. Defendants' argument that these five Oregon residents were fraudulently joined is meritless. As explained in detail below, Plaintiff has pled five cognizable state-law claims against these individual Oregon residents to hold them accountable for their roles in the coordinated campaign of workplace harassment, intimidation and retaliation that culminated in Plaintiff's wrongful discharge from Starbucks.

Following remand, this Court should award Plaintiff his costs and fees incurred as a result of the removal because prior to filing this motion counsel for Plaintiff provided defense counsel with citation to governing case-law establishing the veracity of Plaintiff's claims and rejecting the identical arguments presented in Defendants' removal paperwork.

## II.  PROCEDURAL BACKGROUND

Plaintiff, a ten-year employee of Defendant Starbucks Corporation ("Starbucks"), was harassed and retaliated against by his direct supervisors, Defendants Lisa Ball ("Ball") and Megan Humphreys-Loving ("Humphreys-Loving") after requesting an accommodation for his disability and protected medical leave. In a further act of retaliation, Plaintiff's hours were also cut by Defendant Ryan Jasperson ("Jasperson"). After Plaintiff filed a formal complaint about this misconduct with Starbucks he was disciplined by Defendants Jasperson and Sheila Gray ("Gray"), who warned Plaintiff he should not have reported an employee being "groomed for district manager." Plaintiff then lodged a second formal complaint and, in short succession, was suspended and terminated by Defendants Erin Cochell ("Cochell") and Jasperson.

Following his discharge, Plaintiff filed suit in Multnomah County Circuit Court on March 29, 2010. Plaintiff's original Complaint named Starbucks and Oregon resident Megan Humphreys-Loving as Defendants. (Declaration of Mitra Shahri in Support of Plaintiff's Motion

Page 2 -    PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

to Remand ("Shahri Decl."), ¶ 3.) That complaint was not served on any Defendant. (Defendants' Notice of Removal, ¶ 1.) Instead, the very next day, March 30, 2010, Plaintiff filed his Amended Complaint, adding Defendants Ball, Jasperson, Gray and Cochell. (Shahri Decl., Ex. 1, Amended Complaint.) Monetary concerns drove this filing method. By amending Plaintiff's Complaint one day after it was originally filed to include four additional defendants, counsel saved Plaintiff—who is personally responsible for costs during this litigation—$788 in filing fees. This method of filing was permissible under the procedural rules in Multnomah County, and there was never complete diversity in this case at any time. (Shahri Decl., ¶3.)

Plaintiff's Amended Complaint includes eight state-law causes of action against Defendant Starbucks, a Washington corporation with its principle place of business in Seattle, Washington.[1] (Shahri Decl., Ex. 1; Defendants' Notice of Removal, ¶ 3.)

Plaintiff's Amended Complaint also includes four state-law claims against Defendants Ball, Humphreys-Loving, Jasperson, Gray and Cochell ("the individual Defendants"): (1) aiding and abetting discrimination and retaliation under ORS 659A.030(1)(g), (2) defamation, (3) intentional interference with prospective economic relations; and (4) intentional interference with economic relations, *as well as* a claim for retaliation under ORS 659A.030(1)(f) against Defendants Gray, Jasperson and Cochell. (Shahri Decl, Ex. 1, Amended Complaint, ¶¶ 61-89.)

Plaintiff has no federal claims, and each of the five individual Defendants is a resident of Oregon. (*See* Notice of Removal, ¶ 4.) Nonetheless, following timely service of Plaintiff's

---

[1] Plaintiff's eight state-law causes of action against Starbucks are: (1) disability discrimination under ORS 659A.109/112; (2) OFLA retaliation under ORS 659A.150; (3) whistleblowing under ORS 659A.199; (4) retaliation under ORS 659A.030(1)(f); (5) aiding and abetting discrimination and retaliation under ORS 659A.030(1)(g); (6) wrongful discharge; (7) defamation; and (8) intentional interference with economic relations.

Page 3 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

Amended Complaint on each Defendant, Defendants removed this matter to Oregon District Court on June 7, 2010, citing diversity jurisdiction. (Notice of Removal, ¶ 2.) In their notice, Defendants attempt to conjure up diversity jurisdiction where there clearly is none by asserting that the individual Defendants were fraudulently joined to this action and that they are, in fact, mere "sham" defendants whose inclusion should be entirely disregarded by this Court. (*See* Notice of Removal, ¶ 4.)

Defendants' fraudulent joinder argument is meritless. Defendants' legal arguments directly contradict governing case-law, and their factual arguments ignore the numerous specific allegations of tortuous and retaliatory conduct by each individually named Defendant.

### III.  ARGUMENT

**A.     Remand is Proper Unless This Court Finds That, Pursuant to the Settled Law of Oregon, There is "No Possibility" Plaintiff Can Prevail on Any of His Five State-Law Claims Against Any Individual Defendant.**

Removal pursuant to 28 U.S.C. §1441 is only proper where the federal court would have had subject matter jurisdiction over the case if the plaintiff had originally filed it in federal court. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830 (1989). Section 1441 is strictly construed *against* removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Thus, only if "the plaintiff fails to state a cause of action against a resident defendant and the failure is obvious according to the settled rule of the state, is the joinder of the resident defendant fraudulent." *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987).

The burden of proving that joinder of a non-diverse party is fraudulent, and that the non-diverse party is a mere "sham" defendant, rests with the removing party. *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 682 (9th Cir. 2006); *Boyer v. Snap-On Tools Corp.,* 913 F.2d

Page 4 -     PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

108, 111 (3rd Cir. 1990). In determining whether the non-diverse defendant is a mere "sham" defendant, the court must resolve "all questions of disputed fact and controlling law against the party seeking removal." *King ex rel. King v. Aventis Pasteur, Inc.,* 210 F. Supp. 2d 1201, 1209 (D. Or. 2002). "All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous, or technically defective pleading must also be resolved in favor of remand, and a lack of clear precedent supporting a claim will not render the joinder fraudulent." *Martinez v. Rite Aid Corp.,* 2009 U.S. Dist. LEXIS 8390, at *4 (C.D. Cal. January 26, 2009). "A merely defective statement of the plaintiff's action does not warrant removal. . . . It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent." *Albi v. Street & Smith Publishing*, 140 F.2d 310, 312 (9th Cir. 1944). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Griffin v. Uvex Safety Manufacturing, Inc.,* 2006 U.S. Dist. LEXIS 76309, at *5-6 (D. Or. August 28, 2006) (J. Stewart), *citing Boyer,* 913 F.2d at 111; *see also King*, 210 F. Supp. 2d at 1209 (same "no possibility" standard). "Obviously, this standard is more lenient that the standard for motions to dismiss." *Knutson v. Allis-Chalmers Corp.,* 358 F.Supp.2d 983, 995 (D. Nev. 2005).

Here, remand is proper because the five non-diverse individual Defendants cannot show there is "no possibility" Plaintiff will prevail on any of his five state-law claims against them.

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

B. **There is *at Least* a Possibility Plaintiff Will Prevail on his Aiding and Abetting Claim Against One of the Non-Diverse Individual Defendants.**

Plaintiff's fifth claim for relief is a claim for aiding and abetting unlawful discrimination and retaliation under ORS 659A.030(1)(g) against Defendants Gray, Jasperson, Ball, Humphreys-Loving, and Cochell. (Shahri Decl., Ex. 1, Amended Complaint, ¶¶66-69.) ORS 659A.030(1)(g) makes it unlawful for "any person, *whether an employer or an employee*, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so." Both the Oregon Court of Appeals and Oregon District Court have specifically held that this statute allows a plaintiff to assert a claim against another employee for aiding and abetting unlawful employment practices. *Price v. Taco Bell Corp.*, 869 F. Supp. 1022, 1024 (D. Or. 1995); *Schram v. Albertson's, Inc.,* 934 P.2d 483, 488 (Or. App. 1997).

Some early cases found that claims under ORS 659A.030(1)(g) might nonetheless be properly dismissed for want of a statutory remedy, but that is not the case today because ORS 659A.885(3)—the remedy provision that applies to ORS 659A.030(1)(g)—has since been amended. The provisions of ORS 659A.885(3) applicable to this case provide for compensatory and punitive damages against individuals found to have violated ORS 659A.030(1)(g).

Oregon District Court Judge Michael Mossman recently conducted a careful analysis of these remedies as well as the applicability of ORS 659A.030(1)(g) to co-employees in deciding to remand a case that had been removed on the purported basis that the co-employee defendant was fraudulently joined through the plaintiff's aiding and abetting claim. *See Gaither v. John Q. Hammons Hotels Management, et al.* CV 09-629-MO (D. Or. Sept. 3, 2009).[2] Thus, it strains

---

[2] A copy of Judge Mossman's opinion in *Gaither* is attached as **Exhibit 2** to the Declaration of Mitra Shahri.

Page 6 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

credulity for Defendants to argue that Plaintiff's identical aiding and abetting claim against the co-employee Defendants in this case is not legally cognizable. Regardless, it certainly cannot be said that "the settled law" of Oregon precludes Plaintiff's aiding and abetting claims against the individual Defendants. *See McCabe,* 811 at 1339.

Plaintiff has also alleged facts sufficient to support his aiding and abetting claim against each individually named Defendant:

- Plaintiff alleges Defendant Gray: angrily denounced and then disciplined Plaintiff for filing a formal complaint of discrimination and retaliation against Defendant Jasperson (Shahri Decl., Ex. 1, Amended Complaint, ¶¶16-17); dismissed Plaintiff's stated concerns about retaliation out-of-hand without any investigation or follow-up (*Id.,* ¶17); forced Plaintiff to obtain unnecessary medical certification (*Id.,* ¶17); gave Plaintiff false information about his employment status after Plaintiff was suspended on trumpt-up grounds (*Id.,* ¶¶19, 21); and falsely informed Plaintiff that Human Resources was investigating his reports (*Id.,* ¶25).

- Plaintiff alleges Defendant Ball, one of his direct supervisors: criticized Plaintiff and gave him negative feedback for requesting medical leave and an accommodation (*Id.,* ¶¶11-12); yelled at Plaintiff for "always being sick" after he sought medical leave and an accommodation (*Id.,* ¶13); admitted to Plaintiff—without taking any corrective action—that Plaintiff was being retaliated against for requesting leave and an accommodation (*Id.,* ¶14).

- Plaintiff alleges Defendant Humphreys-Loving, one of his direct supervisors: criticized Plaintiff and gave him negative feedback for requesting medical leave and an accommodation (*Id.,* ¶¶11-12).

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

- Plaintiff alleges Defendant Jasperson: cut his hours in retaliation for requesting protected leave and an accommodation (*Id.,* ¶14); was present and took no action other than starring at Plaintiff in an aggressive manner while Gray angrily denounced Plaintiff for filing a formal complaint of discrimination and retaliation (*Id.,* ¶16); terminated Plaintiff on false pretenses in retaliation for his complaints of retaliation and discrimination (*Id.,* ¶¶31-32).

- Plaintiff alleges Defendant Cochell, a human resources manager: failed to respond to a notice from Plaintiff's physician documenting his need for an accommodation (*Id.,* ¶16); falsely informed Plaintiff that his hours had been cut due to the "economic slowdown," when, in fact, they had been cut in retaliation for his accommodation and leave request (*Id.,* ¶28); falsely informed Plaintiff he was not suspended and that he should wait to hear about his "options," when, in fact, Plaintiff was suspended and Jasperson was in the process of terminating his employment in retaliation for his protected conduct (*Id.,* ¶¶29-30).

These facts demonstrate that there is *at least* a possibility that Plaintiff will prevail on his claim for aiding and abetting under ORS 659A.030(1)(g) against one or more of the individual defendants. For that reason, this Court's analysis of Defendants' fraudulent joinder argument need go no further. *Griffin,* 2006 U.S. Dist. LEXIS 76309, at *5-6 ("If there is even a possibility that a state court would find that the complaint states *a cause of action against any one of the resident defendants*, the federal court must find that joinder was proper and remand the case to state court.") (emphasis added). Instead, this Court should find that removal was improper and remand this matter to Multnomah County Circuit Court. *King*, 210 F. Supp. 2d at 1209.

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

## C. There is *at Least* a Possibility Plaintiff Will Prevail on his Retaliation Claim Against One of the Non-Diverse Individual Defendants.

Plaintiff's fourth claim for relief is a retaliation claim under ORS 659A.030(1)(f) against Defendants Gray, Jasperson and Cochell. (Shahri Decl., Ex. 1, Amended Complaint, ¶¶61-65.) ORS 659A.030(1)(f) makes it unlawful "for *any person* to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint . . . under this Chapter."

ORS 659A.030(1)(f) proscribes retaliatory conduct by "any person." That includes co-employees such as Defendants Gray, Jasperson and Cochell, not just employers such as Defendant Starbucks. The fact that co-employees (i.e. "persons") may be held liable under ORS 659A.030(1)(f) is best demonstrated by comparing subsection (1)(f) to other subsections within ORS 659A.030 that only proscribed conduct by an "employer," "labor union," or "employment agency." *See* ORS 659A.030(a)-(e). Any argument that ORS 695A.030(1)(f) applies only to employers rather than co-employees ignores the Oregon Legislature's deliberate choice of the words "any person," in lue of "employer" in the statute. Regardless, Defendants cannot point to any clearly established rule in Oregon holding that ORS 659A.030(1)(f) is not legally cognizable as to co-employees who engage in retaliatory conduct. Thus, weighing all competing inferences in favor of remand, *King,* 210 F. Supp. 2d at 1209, this Court should find that Plaintiff's ORS 659A.030(1)(f) retaliation claim is proper as to Defendants Gray, Jasperson and Cochell.

Plaintiff has also alleged sufficient facts to satisfy this claim, which prohibits any person from retaliating against an employee who "opposes" a practice made unlawful by ORS Chapter 659A. Formal and informal complaints of harassment and discrimination constitute oppositional conduct under ORS 659A.030. *See EEOC v. Hacienda Hotel,* 881 F.2d 1504, 1514 (9th Cir.

Page 9 -    PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

1989).  Shunning, discipline, suspension, and termination, among other acts, have been held to constitute actionable retaliatory conduct under the analogous provisions of Title VII.  *See Burlington Northern & Santa Fe (BNSF) Railway Co. v. White,* 548 U.S. 53 (2006).

Plaintiff alleges he engaged in oppositional conduct when he:  reported to Ball that Jasperson retaliated against him by cutting his hours (Shahri Decl., Ex. 1, Amended Complaint, ¶14); filed a formal complaint of discrimination and retaliation (*Id.,* ¶15); told Gray and Jasperson during a meeting that he believed he was being discriminated and retaliated against (*Id.,* ¶16); filed another formal complaint of retaliation and discrimination (*Id.,* ¶17); reported discrimination and retaliation to management at the time of his discharge (¶34).  Plaintiff also alleges that because he engaged in this oppositional conduct he was subsequently shunned by Gray, Jasperson or Cochell, disciplined by Gray and Jasperson, suspended by Gray and Cochell, and terminated by Jasperson and Cochell.  (*Id.,* ¶¶ 12, 13, 16, 17, 19, 32).

These allegations demonstrate there is *at least* a possibility Plaintiff will prevail on his retaliation claim under ORS 659A.030(1)(f) against Gray, Jasperson *or* Cochell.  For that reason, this Court should grant Plaintiff's motion and remand this case to Multnomah County Circuit Court.  *Griffin,* 2006 U.S. Dist. LEXIS 76309, at *6; *King*, 210 F. Supp. 2d at 1209.

**D.     There is *at Least* a Possibility Plaintiff Will Prevail on his Intentional Interference with Prospective Economic Relations Claim Against One Individual Defendant.**

Plaintiff's eighth claim for relief is a state common-law claim for intentional interference with prospective economic relations against Defendants Gray, Jasperson, Ball, Humphreys-Loving and Cochell.  (Shahri Decl., Ex. 1, Amended Complaint, ¶¶80-84.)  This claim is directed at the tortuous conduct these individuals took against Plaintiff within the course and scope of their employment. (*Id*., ¶81.)  Although not technically labeled as a "prospective" interference

Page 10 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

claim, the allegations are clearly directed at "interferences with Plaintiff's relationship with potential employers . . . ." (*Id*., ¶82.) Thus, this claim is properly analyzed as a "prospective" economic relations claim. *See Martinez,* 2009 U.S. Dist. LEXIS 8390, at *4 ("All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous, or technically defective pleading must also be resolved in favor of remand . . . .").

Oregon recognizes claims for intentional interference with prospective economic relations against individuals and co-employees. *See Wampler v. Palmerton*, 250 Or. 65, 72-73 (1968). The elements are: (1) a prospective economic or business relationship; (2) to which the defendant was not a party; (3) intentional interference with the prospective relationship; (4) through improper means or improper purpose; (5) causing plaintiff harm; and (6) damages. *Allen v. Hall,* 328 Or. 276, 281, 974 P.2d 1999 (1999).

Plaintiff has pled the existence of a prospective economic relationship to which none of the individual Defendants were parties—i.e., his relationship with prospective employers. (Shahri Decl., Ex. 1, Amended Complaint, ¶¶35, 82.) *See Allen,* 328 Or. at 281 (noting that Oregon courts apply this tort "to contractual and business relationships and prospects.").

As to the third and fourth elements, Plaintiff pled the following intentional, improper acts: Gray disciplined Plaintiff, negatively impacting his employment history, on false pretenses in retaliation for Plaintiff's protected activities (*Id*., ¶¶16-17); Jasperson terminated Plaintiff on false pretenses in retaliation for his protected activities, thus negatively impacting his employment record (*Id.,* ¶¶31-32, 82); Ball and Humphreys-Loving gave Plaintiff negative feedback for requesting an accommodation (*Id.,* ¶¶11-12, 82); Cochell knew of the acts being taken against Plaintiff but failed to take corrective action, resulting in Plaintiff's discharge and

Page 11 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

tarnished employment record (*Id.,* ¶¶29-30, 82); and, the individual Defendants made false statements about Plaintiff to prospective employers (*Id.,* ¶35, 82). Thus, weighing "all questions of disputed fact and controlling law against the party seeking removal," *King*, 210 F. Supp. 2d at 1209, Plaintiff has adequately pled conduct that violates the third and fourth elements of this claim. *See Boers v. Payline Systems, Inc.,* 141 Or. App. 238, 244-45, 918 P.2d 432 (1996) (intentional retaliation against employee by supervisor following employee's report of misconduct satisfied the third and fourth elements); *Huston v. Trans-Mark Services,* 45 Or. App. 801, 609 P.2d 848 (1980) (supervisor's act of "inducing others" within the corporation to fire the plaintiff in retaliation for the plaintiff's conduct met the third and fourth elements); *Giordano v. Aerolift, Inc.,* 109 Or. App. 122, 127-28, 818 P.2d 950 (1991) (co-worker's act of "creating false information to justify" the plaintiff's discharge satisfied the third and fourth elements).

Plaintiff has also satisfied the fifth and sixth elements of this claim because he has specifically alleged that this conduct damaged his reputation and prospective employment opportunities, resulting in economic and non-economic damages (Shahri Decl., Ex. 1, Amended Complaint, ¶¶35, 36, 37-41, 83-84.)

These facts demonstrate that there is *at least* a possibility Plaintiff will prevail on his intentional interference with prospective economic relations claim against one of the non-diverse individual defendants. This Court should remand this matter to state court. *Griffin,* 2006 U.S. Dist. LEXIS 76309, at *5-6; *King,* 210 F. Supp. 2d at 1209.

**E.     There is *at Least* a Possibility Plaintiff Will Prevail on his Claim for Intentional Interference with Economic Relations Against One of the Individual Defendants.**

Plaintiff's ninth claim for relief is a state common-law claim for intentional interference with economic relations against Defendants Gray, Jasperson, Ball, Humphreys-Loving and

Page 12 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

Cochell. (Shahri Decl., Ex. 1, Amended Complaint, ¶¶85-89.) This claim is pled "in the alternative" and is directed at the tortuous conduct the individual Defendants took against Plaintiff that was "outside the course and scope of their employment and/or agency." (*Id*., ¶86.)

The elements of this claim are identical to those in Plaintiff's eighth claim for relief, discussed directly above, except that Plaintiff must allege intentional interference with an *existing* business relationship by an individual who was not a party to that relationship. *See McGanty,* 321 Or. at 535.

The existence of an at-will employment relationship is sufficient to satisfy the first element of this claim. *See Porter v. Oba, Inc.,* 180 Or. App. 207, 214-15, 42 P.3d 931 (2002). Plaintiff has satisfied this first element by alleging an employment relationship with Starbucks.

Plaintiff has also properly alleged intentional interference with this relationship by one who was not a party to the relationship. That is true because Oregon courts have held that interference with an at-will employment relationship by a corporate employee who was acting outside the course of scope of their employment when they engaged in their tortuous conduct is sufficient to satisfy this element. *See Welch v. Bancorp Management Services,* 296 Or 208, 216-17, 675 P.2d 172 (1983) (find that this element could be satisfied by an allegation that a corporate employee was "acting against the best interests of the principle or . . . solely for his own benefit" when he engaged in the challenged conduct). Here, Plaintiff alleges—as an alternative theory of liability—that when the individual Defendants engaged in the tortuous conduct described above in Section III.D., *supra*, they were acting not in Starbuck's best interest, but, rather, in their own interests outside the course and scope of their employment. Under *Welch*, such conduct is actionable in an intentional interference with economic relations claim

Page 13 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

where the plaintiff alleges that the conduct resulted in his discipline or discharge. That is exactly what Plaintiff alleges here. (Amended Complaint, ¶¶86-87.) *See also Richmark Corp. v. Timber Falling Consultants, Inc.,* 730 F. Supp. 1525, 1534 (D. Or. 1990) (allegation that corporate officers took actions based upon personal motives of retribution against the plaintiff was sufficient to state a claim for tortuous interference with economic relations).

This Court should grant Plaintiff's motion to remand because there is *at least* a possibility he will prevail on his intentional interference with economic relations claim against one individual Defendant. *Griffin,* 2006 U.S. Dist. LEXIS 76309, *6; *King*, 210 F. Supp. 2d at 1209.

F.  **There is *at Least* a Possibility that Plaintiff Will Prevail on his Defamation Claim Against One of the Individual Non-Diverse Defendants.**

Plaintiff's seventh claim for relief is a state common-law claim for defamation *per se* against Defendants Gray, Jasperson, Ball, Humphreys-Loving and Cochell. (Shahri Decl., Ex. 1, Amended Complaint, ¶¶75-79.) The elements of this tort are: (1) a defamatory statement, (2) that was false, (3) that was communicated to a third party, and (4) that tends to diminish plaintiff's reputation. *See Wallulis v. Dymonwski*, 323 Or. 337, 343 (1996).

Here, Plaintiff alleges he was defamed when the individual Defendants published false statements about his job performance, work history, and character to those inside and outside of Starbucks and that those false statements damaged him in his occupation, profession and/or business. (Shahri Decl., Ex. 1, Amended Complaint, ¶¶76-77.) The specific allegations include: Ball and Humphreys-Loving falsely accusing Plaintiff of being sick all the time and not needing an accommodation (*Id.,* ¶12-13); Gray and Jasperson disciplining Plaintiff on false pretenses in the presence of another Starbucks manager (*Id.,* ¶17); Kotchall falsely telling Plaintiff that he had not been suspended and that his hours were reduced due to the "economic slowdown" (*Id.,* ¶17);

Page 14 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

Cochell and Jasperson discharging Plaintiff on the patently false grounds that Plaintiff was "disruptive" (*Id.,* ¶32); the individual Defendants making false statements about Plaintiff to prospective employers (*Id.,* ¶35).

These actions imputed unfitness and a lack of integrity in the discharge of Plaintiff's employment duties and are thus actionable *per se*, without any allegation of resulting damages. *See L&D of Oregon, Inc. v. American States Ins. Co.,* 171 Or. App. 17, 26 (2000) (co-workers statements that "cast aspersion on [the plaintiff's] ability" to perform his job or that implied the plaintiff lacked any characteristic needed to perform his job successfully were actionable *per se*); *Slover v. State Bd. Of Clinical Social Workers*, 144 Or. App. 565, 568-69 (1996) (statements that prejudice a plaintiff in his trade, business or profession actionable *per se*). Thus, as with Plaintiff's other claims, there is *at least* a possibility he will prevail on his defamation claim against one of the individual Defendants. For that reason, this Court should grant Plaintiff's motion and remand this matter to Multnomah County Circuit Court. *Griffin,* 2006 U.S. Dist. LEXIS 76309, at *5-6; *King*, 210 F. Supp. 2d at 1209.

**G.    This Court Should Also Award Plaintiff his Reasonable Costs and Fees Incurred as a Result of the Removal.**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). The decision to grant the award of costs and fees is a discretionary one, requiring the court to balance the need to deter improper removal while affording defendants the right to remove under proper circumstances. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005). "The standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances,

Page 15 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Here, Defendants lacked an objectively reasonable basis for seeking removal. Even if this Court disagrees, unusual circumstances warrant the imposition of costs and fees.

Defendants removed this case on June 7, 2010. On June 9, 2010 counsel for Plaintiff sent Defendants' counsel an email stating that the removal was improper, not objectively reasonable, and that Plaintiff would seek an award of costs and fees unless Defendants stipulated to a remand. (Shahri Decl. ¶5.) Defendants declined this offer. Counsel for Plaintiff then sent defense counsel a June 14, 2010 letter again specifically stating that Plaintiff would seek costs and fees incurred as a result of removal if it became necessary to file a motion to remand. (Shahri Decl. ¶5 & Ex. 3.) This letter specifically cited Judge Mossman's recent opinion in *Gaither v. John Q. Hammons Hotels Management, et al.* CV 09-629-MO (D. Or. Sept. 3, 2009), and noted that in that opinion, Judge Mossman had specifically rejected the arguments presented in Defendants' removal paperwork purporting to show that Plaintiff's aiding and abetting claim was not viable. (Shahri Decl. ¶5 & Ex. 3.) Plaintiff's letter also noted the lenient standard under which courts review motions to remand and stated that remand was assured in light of governing and persuasive case-law regarding Plaintiff's aiding and abetting claim as well as the direct applicability of the *Gaither* opinion. (Shahri Decl. ¶5 & Ex. 3.) During subsequent telephonic conferral, Defendants' counsel acknowledged the *Gaither* opinion, but nonetheless refused to stipulate to a remand of this case. (Shahri Decl. ¶5.)

In his *Gaither* opinion, Judge Mossman declined to award the plaintiff costs and fees despite granting the motion to remand because he found that the defendants had justifiably—

Page 16 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

albeit mistakenly—relied upon an Oregon District Court case erroneously holding that ORS 659A.030(1)(g) did not impose liability on individual defendants. In his opinion, Judge Mossman noted that the defendants' citation to this erroneous holding was "a slim reed" on which to hang their removal argument, but found that the existence of the erroneous opinion was enough to show that the defendants' position was reasonable.

Here, Defendants cannot make any such argument because the analysis in *Gaither*—which defense counsel was aware of prior to Plaintiff filing the instant motion—clearly shows that the remedy provisions of ORS 659A.030(1)(g) apply to individual defendants and that claims for aiding and abetting are proper and cognizable against co-employees. Defendants' conscious disregard of the viability of Plaintiff's ORS 659A.030(1)(g) claim following the recent amendments to ORS 659A.885(3)—so clearly set out in *Gaither*—is sufficient to justify an award of costs and fees in this case.

## IV.  CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion to Remand and award Plaintiff his reasonable costs and fees incurred as a result of Defendants improper, unjustified removal of this case.

Date: June 17, 2010.                           **MITRA LAW GROUP**

/s/ Mitra Shahri
Mitra Shahri, OSB No. 021100
mitra@unlawfultermination.com
Eric D. Wilson, OSB No. 044556
eric@unlawfultermination.com
Joel Christiansen, OSB No. 080561
joel@unlawfultermination.com
Tel: (503) 243-4545
Attorneys for Plaintiff

Page 17 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

## CERTIFICATE OF SERVICE

    I hereby certify that on the date listed below, a copy of the foregoing PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND was filed electronically using the CM/ECF system. Notice of this filing will be automatically sent by e-mail to all parties by operation of the Court's electronic filing system.

DATED this 17th day of June, 2010.

                        **MITRA LAW GROUP**

                        */s/ Mitra Shahri*
                        Mitra Shahri, OSB No. 021100
                        Eric D. Wilson, OSB No. 044556
                        Joel Christiansen, OSB No. 080561
                        Tel: (503) 243-4545
                        Attorneys for Plaintiff

Page 1 -    CERTIFICATE OF SERVICE

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205