MITRA SHAHRI, OSB#021100
mitra@unlawfultermination.com
ERIC D. WILSON, OSB#044556
eric@unlawfultermination.com
JOEL CHRISTIANSEN, OSB#080561
joel@unlawfultermination.com
MITRA LAW GROUP
The American Bank Building
621 SW Morrison St., Ste. 1300
Portland, Oregon 97205
Tel (503) 243-4545
Fax (503) 243-4546
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DONALD DEMONT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STARBUCKS CORPORATION; SHEILA GREY; RYAN JASPERSON; LISA BALL; MEGAN HUMPHREYS-LOVIN; and ERIN COCHELLL<br><br>　　　　　　Defendants. | Case No. CV 10-644-ST<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO REMAND**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.   INTRODUCTION

Defendants allege that Plaintiff committed fraud upon the court by naming five of his former supervisors and co-workers as individual defendants in this matter despite Oregon statutes and common-law tort theories allowing him to do exactly that. In support of their

Page 1 -   PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

arguments, Defendants rely on over ten pages of briefing that they essentially copied and pasted from an opposition memorandum filed by the same law firm that was specifically rejected in a previously published opinion—without calling that fact to this Court's attention. Defendants also rely heavily on their argument that the heightened pleading standards announced in *Ashcroft v. Iqbal* govern Plaintiff's Motion to Remand despite case-law from the ninth circuit that is directly contrary to their position—which, again, they fail to cite to this Court.

Defendants have not met their burden of proving that, under the "settled law of Oregon," there is no possibility Plaintiff will prevail in state court on any of his five state-law claims against any of the five individual, non-diverse Defendants. Defendants' fraudulent joinder argument is meritless, and this Court lacks subject matter jurisdiction over Plaintiff's claims.

This case should never have been removed from state court in the first place, and Defendants' misleading, previously discredited arguments to the contrary demonstrate that they lacked an objectively reasonable basis for doing so. This Court should grant the instant Motion to Remand, and also award Plaintiff his costs and fees incurred herein.

## II.  ARGUMENT

### A.    Defendants Misstate the Governing Legal Standards.

Contrary to Defendants' repeated assertions, the heightened pleading standards announced in *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953 (2009) are irrelevant to the issue before this Court, which is: have Defendants established, under the settled law of Oregon, that there is no possibility Plaintiff will prevail in state court on any of his claims against any of the individual defendants. *See Knutson v. Allis-Chalmers Corp.,* 358 F.Supp.2d 983, 993 (D. Nev.

Page 2 -    PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

2005) ("In order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant.")

The heightened pleadings standards announced in *Iqbal* apply to motions filed under FRCP 12 against pleadings subject to FRCP 8. *Iqbal,* 129 S. Ct. at 1953. No court within the Ninth Circuit has applied *Iqbal*'s heightened pleading standards in the procedural context presented here. And for good reason. To prevail on a motion to remand in the face of a defendants' fraudulent joinder argument, a plaintiff need only prove there is a possibility he will prevail on his claims in state court—*not* in federal court under *Iqbal*. *See Griffin v. Uvex Safety Manufacturing, Inc.,* 2006 U.S. Dist. LEXIS 76309, at *5-6 (D. Or. August 28, 2006) ("If there is even a possibility that *a state court* would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.") (emphasis added). Additionally, courts in the Ninth Circuit have repeatedly held that the standard applicable to a motion to remand is *lower* than the standard for determining a Rule 12 motion. *See Knutson,* 358 F.Supp.2d at 995. *Iqbal* has no bearing on this lower standard for motions to remand.

In short, *Iqbal* applies to Rule 12 motions filed in federal court against pleadings subject to Rule 8, not when the question presented is whether there is some possibility that a state court will find that one of the causes of action in the plaintiff's state-court complaint is cognizable.

Although not cited by Defendants, there is case-law from this circuit directly contrary to their position regarding *Iqbal*. *See Lujan v. Girardi,* Civ. Case No. 09-00017, 2009 U.S. Dist. LEXIS 120501, at *16 (D. Guam December 29, 2009). In *Lujan*, the defendants removed the case from state court on the basis of fraudulent joinder and opposed the plaintiff's motion to

Page 3 -    PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

remand by arguing that the plaintiff had not met *Iqbal's* heightened pleadings standards.  *Id.*  The district court expressly rejected this argument, holding, "*Iqbal* and *Twobly* are irrelevant to the issues before the Court."  *Id.*  In explaining its decision, the court cited Ninth Circuit precedent under which the standard for granting a motion to remand in the face of a fraudulent joinder argument is lower than the standard for a Rule 12 motion. *Id.* at *21.  The court then granted the motion to remand, holding, "The defendants essentially request this court to ignore this [lower] standard in favor of the *Iqbal* standard used in a motion to dismiss.  As discussed previously, the court finds that that is not what is required by the Ninth Circuit."  *Id.*

In their brief, Defendants incorrectly assert that decisions from four other districts support the proposition that "the pleading standard set forth in *Iqbal* and *Twombly* applies to motions to remand."  (Defendants' Opposition Memorandum, pp. 7-8) (citing district court cases from Florida, Louisiana, Pennsylvania, and Mississippi).  Not one of Defendants' cases comes close to supporting their assertion that *Iqbal* applies to Plaintiff's Motion to Remand.  In fact, not one of the four cases cited by Defendants *even mentions Iqbal*—which is not surprising, since all four were decided months or years *before* the Supreme Court's *Iqbal* decision was even issued.  (*Iqbal* was decided on May 18, 2009, plaintiff's authorities purporting to support application of *Iqbal* here are from 2007, 2008 and February 2009).  Defendants' argument that these earlier decided cases support *Iqbal's* application here is not only incorrect, but highly misleading.

///

///

///

///

Page 4 -   PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

> **B.   There Is *At Least* A Possibility Plaintiff will Prevail on her Aiding and Abetting Claim in State Court against one of the Individual Defendants.**
>
> **1.   Defendants' Challenge to Plaintiff's Aiding and Abetting Claim is Almost Entirely Copied and Pasted Material from an Opposition Memorandum Filed Earlier by Defendants' Same Law Firm that this Court Previously Found Meritless.**

The plain text of ORS 659A.030(1)(g) allows for aiding and abetting claims against "employee[s]." Following recent revisions to the applicable remedies statute, 659A.885, aiding and abetting claims filed by plaintiffs against their former supervisors and coworkers based on those employees' participation in discriminatory workplace conduct have been held to be proper. *Gaither v. John Q. Hammons Hotels Management, et al.* CV 09-629-MO (D. Or. Sept. 3, 2009).

In their Opposition Memorandum Defendants urge this Court to reach a contrary conclusion and present a 12-page veritable tour-de-force of Oregon and federal case-law and legislative history on ORS 659A.030(1)(g). Defendants' argument is three-fold: (1) *Schram v. Albertson's,* 146 Or. App. 415 (1997) and a footnote in *McPhail v. Milwaukie Lumber,* 165 Or. App. 596 (2000) foreclose aiding and abetting claims against individuals (Opposition Memorandum, pp. 10-14); (2) the Oregon Legislature did not intend to impose liability on individuals when it enacted 659A.030(1)(g) (Opposition Memorandum, pp. 15-18); and (3) earlier federal decisions reject individual liability. (Opposition Memorandum, pp. 18-20.)

Defendants submitted their briefing in this case on July 12, 2010. On July 7, 2010, Chief Judge Ann Aiken expressly rejected these three *identical* arguments submitted by Defendants' same law firm in the same procedural context in *Chambers v. United Rentals, Inc.,* 2010 U.S. Dist. LEXIS 69291, at *3-5 (D. Or. July 7, 2010) (attached as Exhibit 1 to the *Supplemental Declaration of Mitra Shahri*). In *Chambers*, Judge Aiken held as follows:

Page 5 -   PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

> Defendants admit that subsequent amendments to Or. Rev. Stat. § 659A.885 permit a plaintiff to recover compensatory and punitive damages as remedies for discriminatory conduct – damages that were not available to the plaintiff in *Schram* but are available to and sought by plaintiff in this action. *See* Or. Rev. Stat. § 659A.885(3)(a); Complaint, p. 2. Thus, the facts of this case are clearly distinguishable from *Schram*, and I do not find that *Schram* precludes plaintiff's claim against [the individual defendant]. Further, the three sentence footnote in *McPhail* that briefly addressed *Schram* does not persuade me that the law of Oregon is "settled" with respect to supervisor liability under § 659A.030(1)(g), particularly in light of the plain language of the statute. The remaining [federal] cases cited by defendants either arose prior to the amendments to § 659A.885 or do not involve supervisor liability under § 659A.030(1)(g).
>
> Finally, defendants maintain that plaintiff fails to allege sufficient facts to allege an aiding and abetting claim. Whether plaintiff's factual allegations are sufficient is a question properly addressed by the Oregon courts. In sum, I do not find that Plaintiff's failure to state a cause of action against [the individual defendant] is "obvious according to the settled rules of the state." Therefore, remand is required.

*Chambers,* 2010 U.S. Dist. LEXIS 69291, at *3-5 (internal citations omitted).

Despite the *Chambers* opinion on July 7, 2010, Defendants essentially copied and pasted their opposition memorandum from *Chambers* into the opposition memorandum they filed here on July 12, 2010. (*Compare Shahri Decl.*, Ex. 2, pp. 5-17, *with* Opposition Memorandum, pp. 10-20.) Defendants did so without any notice to this Court that their identical arguments were specifically rejected in *Chambers*—even after Plaintiff invited them to do so by letter dated July 19, 2010. (*See* Shahri Decl., Ex. 3.) In response to Defendants' regurgitated arguments from their *Chambers* briefing, this Court should adopt Judge Aiken's reasoning from *Chambers* and hold that Plaintiff's aiding and abetting claims against the individual defendants in this case are also cognizable. That is true because here, as in *Chambers*, Plaintiff seeks both compensatory and punitive damages on his aiding and abetting claims. (*See* Amended Complaint, ¶ 69.)

Page 6 -   PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

Defendants present only two legal arguments here that were not specifically rejected in *Chambers*. First, as noted above, they mistakenly assert that *Iqbal* governs the issues before this court when it clearly does not. Second, in footnote 12 of their Opposition Memorandum, Defendants continue to disregard the plain text of ORS 659A.030(1)(g) by arguing that the statute only prohibits employees from aiding and abetting the types of discrimination listed in ORS 659A.030(1)(a): race, gender, age religion etc. Defendants' position is flatly contradicted by the plain text of ORS 659A.030(1)(g), which prohibits employees from aiding and abetting "any of the acts forbidden *in this chapter*," not "any of the acts forbidden in this section." Plaintiff's claims for disability discrimination under 659A.100 *et seq*, OFLA discrimination under 659A.150 *et seq.* and whistle blowing under 659A.199/203 are all found in the same *chapter* as the aiding and abetting statute—ORS Chapter 659A. Thus under the plain text of ORS 659A.030(1)(g), Plaintiff's claim against the individual defendants for aiding and abetting disability, OFLA and whistle blower discrimination are proper.

**2.    Plaintiff has pled sufficient facts in support of his aiding and abetting claim.**

The *Chambers* opinion leaves no doubt that the determination of the factual sufficiency of an otherwise viable aiding and abetting claim rests squarely with the state court following remand. *Chambers,* 2010 U.S. Dist. LEXIS 69291, at *5 ("Whether plaintiff's factual allegations are sufficient is a question properly addressed by the Oregon courts."). Importantly, *Chambers* reached this conclusion despite the fact that the plaintiff's complaint in that case was a three page document with no factual assertions in support of the plaintiff's aiding and abetting claim other than the following sentence: "Defendant John Zweigart is a resident of the state of Oregon, and at all material times acted within the course and scope of his employment for

Page 7 -    PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

Defendant Company, and participated in and/or aiding and abetted the discrimination alleged herein." (*See* Shahri Decl., Ex. 4, *Chambers* Complaint, p. 1.)

If this single factual assertion in *Chambers* was sufficient for the court to concluded there was a possibility the plaintiff would prevail on his aiding and abetting claim in state court than surely the detailed allegations of coordinated, retaliatory acts taken by the individual defendants in this case (and set out at pages 7-8 of *Plaintiff's Memorandum of Law In Support of Motion to Remand*) are also sufficient. Moreover, Contrary to Defendants' repeated assertions, in his opinion in *Gaither*, Judge Mossman did *not* cite the plaintiff's use of the word "plot" as the basis for granting the motion to remand. That catchphrase is not mentioned anywhere in Judge Mossman's analysis of the issues before him. *See Gaither,* CV 09-629-MO, at *4-8. (D. Or. Sept. 3, 2009). Plaintiff's detailed factual allegations of the coordinated acts of discrimination and retaliation perpetrated upon him by his co-workers, supervisors and managers are sufficient to show he has a possibility of prevailing on his aiding and abetting claim in state court. For that reason, this Court should grant the instant motion to remand. *See Knutson,* 358 F. Supp. 2d at 993 ("In order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant.")

C.  **There Is *At Least* A Possibility Plaintiff will Prevail on His Retaliation Claim under ORS 659A.030(1)(f) in State Court Against One of the Individual Defendants.**

Defendants mistakenly argue that Plaintiff's retaliation claim under ORS 659A.030(1)(f) is not cognizable against the individual defendants because they are not "employers." (Opposition Memorandum, p. 21.) Defendants even quote at length the definition of "employer" set out in ORS 659A.001(4). Defendants' argument is misplaced and inapplicable because the word "employer" does not appear *anywhere* in ORS 659A.030(1)(f).

Page 8 -   PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

ORS 659A.030(1)(f) prohibits workplace retaliation by "any person." Plaintiff filed his retaliation claim against five such persons—i.e., the five individually named defendants. Defendants do not cite a single case suggesting that when it proscribed workplace retaliation by "persons" in ORS 659A.030(1)(f) the Oregon Legislature only intended to prohibit conduct by employers. To the contrary, as explained in Plaintiff's opening Memorandum of Law, the fact that "employer" is used in other, similar statutes, but "person" is used in ORS 659A.030(1)(f) strongly suggests that retaliation claims against employees, not just employers, are cognizable. There is no "settled Oregon law," precluding Plaintiff's retaliation claim against the five individual defendants. Defendants' incorporation by reference of their previously discredited arguments from *Chambers* regarding Plaintiff's aiding and abetting claim does not alter that fact.

Factually, Plaintiff has alleged he suffered adverse employment actions by the individually named defendants subsequent to and because of his protected conduct. (*See* Plaintiff's Memorandum of Law, pp. 9-10.) Nothing more is required. *Chambers,* 2010 U.S. Dist. LEXIS 69291, at *5 ("Whether plaintiff's factual allegations are sufficient is a question properly addressed by the Oregon courts."). There is at least a possibility Plaintiff will prevail in state court on his retaliation claim against one of the individually named defendants and this Court should grant the instant motion to remand.

**D.    There Is *At Least* A Possibility Plaintiff will Prevail on her Intentional Interference with Prospective Economic Relations Claim in State Court Against One of the Individual Defendants.**

Defendants mistakenly assert that Plaintiff's IIER claim is directed at acts taken by his supervisors and co-workers within the scope of their employment that interfered with his then-existing employment relationship with Defendant Starbucks. (Opposition Memorandum, p. 23.)

Page 9 -    PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

Plaintiff agrees that, ordinarily, such allegations are not cognizable. But that simply is *not* what Plaintiff alleges here.

Instead, Plaintiff alleges that the five individual defendants took actions within the scope of their employment with Starbucks that intentionally interfered with his *prospective* economic relations—i.e., his relations with prospective employers, *not* Starbucks—by making knowingly false accusations of wrongdoing against Plaintiff to prospective employers and by discharging and documenting Plaintiff on knowingly false pretenses. (Amended Complaint, ¶¶ 80-84.) Plaintiff alleges these actions permanently blemished his employment record causing him damage in the form of continuing unemployment following his discharge from Starbucks. (*Id.*) *Allen v. Hall,* 328 Or. 276, 281, 974 P.2d 1999 (1999), allows for such prospective IIER claims and was discussed in Plaintiff's opening brief. Defendants do not challenge or distinguish in any way *Allen's* holding that IIER claims seeking damages for interference with "business relationships *and prospects*" are proper in Oregon.

Factually, Defendants' argument that Plaintiff has not pled sufficient facts in support of this claim to satisfy *Iqbal's* standards is not well taken. (Opposition Memorandum, p. 24.) As previously explained, *Iqbal* is irrelevant to the instant motion to remand. Plaintiff has alleged sufficient tortuous conduct to show that there is at least a possibility he will prevail in state court against one or more of the individually named defendants on his prospective IIER claim. (*See* Plaintiff's Memorandum of Law in Support of Motion to Remand, pp. 11-12.) For that reason, this Court should grant Plaintiff's motion to remand.

/ / /

/ / /

Page 10 -   PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

**E.    There is *At Least* a Possibility Plaintiff Will Prevail on his Claim for Intentional Interference with Economic Relations Against One of the Individual Defendants.**

Plaintiff's complaint also includes an IIER claim pled in the alternative for conduct taken by the individual defendants outside the course and scope of their employment with Starbucks—and thus *not* when the individual Defendants were acting as employees of Starbucks or as parties to Plaintiff's at-will employment relationship with Starbucks.

Defendants' two arguments against Plaintiff's IIER claim for conduct outside the course and scope of employment are: (1) Plaintiff's Amended Complaint is internally inconsistent; and (2) Plaintiff has not pled sufficient facts to satisfy *Iqbal*. (Opposition Memorandum, pp. 24-25.) Defendants' first argument ignores *Martinez v. Rite Aid Corp.,* 2009 U.S. Dist. LEXIS 8390, at *4 (C.D. Cal. January 26, 2009), cited in Plaintiff's opening brief, which held, "All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous, or technically defective pleading must also be resolved in favor of remand, and a lack of clear precedent supporting a claim will not render the joinder fraudulent." Defendants' second argument again misstates the standards applicable to Plaintiff's Motion to Remand. "Whether plaintiff's factual allegations are sufficient is a question properly addressed by the Oregon courts." *Chambers,* 2010 U.S. Dist. LEXIS 69291, at *5. The authorities cited in Plaintiff's opening brief show that this claim is cognizable. Further, Plaintiff has alleged facts to support his claim that the individual defendants engaged in tortuous conduct against him while acting outside the course and scope of their employment. (*See* Amended Complaint, ¶¶ 86-87.) Nothing more is required, and this Court should grant Plaintiff's motion to remand.

Page 11 -   PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

**F.      Plaintiff is Entitled to his Costs and Fees Incurred as a Result of the Removal.**

Defendants removed this case despite Plaintiff bringing Judge Mossman's opinion in *Gaither* to their attention.  In opposing Plaintiff's Motion to Remand, Defendants then sought to distinguish *Gaither* by falsely claiming that Judge Mossman's decision turned on the plaintiff's use of the word "plot" in his complaint, when, in fact, Judge Mossman did not so much as even mention that catchphrase in his analysis of the issues before him.  A review of the *Gaither* opinion shows he certainly did not "rely" on the word plot in deciding that a remand was required—as Defendants would have this Court believe. *Gaither,* CV 09-629-MO, *4-8. (D. Or. Sept. 3, 2009).  Defendants had no good faith basis for removing this case after being presented with the *Gaither* opinion or for seeking to distinguish that opinion in their briefing to this court.

In opposing the instant motion, Defendants also incorrectly asserted that their removal was justified because *Iqbal* applies to motions to remand.  Defendants had no good faith basis for that argument:  they ignored a directly contrary decision from this circuit, and not one of the cases they cite in support of their claim even mentions *Iqbal*.  Defendants' attempt to dupe this court into believing that cases decided before *Iqbal* was even handed down somehow support *Iqbal's* application here is proof that their arguments lacked an objectively reasonable basis.

Defendants' next objectively unreasonable act was to copy and paste over ten pages of argument from an earlier opposition brief that had already been specifically rejected by this Court the previous week.  By failing to bring that fact to this Court's attention Defendants' arguably violated Fed. R. Civ. P. 11.  Defendants apparently hoped that neither this Court nor Plaintiff would be paying attention and, in fact, counsel for Plaintiff spent a considerable amount of time briefing a detailed response to Defendants' arguments before finding that they had

Page 12 -   PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

already been specifically rejected by this Court. Nevertheless, Plaintiff extended the professional courtesy of giving defense counsel the benefit of the doubt by sending a letter on July 19, 2010 advising them of their duty to file a supplemental statement of authorities to bring *Chambers* to this Court's attention and by asking them to reconsider a voluntary remand in light of *Chambers* to avoid having of costs and attorneys' fees awarded against them. (*See* Shahri Decl., Ex. 3.) On July 26, 2010, Defendants acknowledged their error in an email but claimed it was inadvertent (despite their cut and paste of the *Chambers* briefing) and stated that they would not agree to a remand because there was still a chance this Court would rule differently than Chief Judge Aiken. As a result, counsel for Plaintiff spent considerable additional time preparing the instant reply memorandum.

In the remainder of their brief, Defendants rely on their flatly erroneous assertion that Plaintiff's retaliation claim may only be brought against an "employer" rather than a "person" as the statute so clearly allows, as well as their deliberate obfuscation of the nature of Plaintiff's IIER claims and their continuing false assertion that *Iqbal* governs Plaintiff's motion to remand.

As previously noted, the decision to grant an award of costs and fees following remand is a discretionary one, requiring the court to balance the need to deter improper removal while affording defendants the right to remove under proper circumstances. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005). "The standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. The facts set out above demonstrate Defendants lacked an objectively reasonable basis in removing this matter from state court. By removing this matter in the face of

Page 13 -   PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

the *Gaither* opinion and then rejecting Plaintiff's request for a voluntarily remand following the *Chambers* opinion Defendants acted unreasonably and caused Plaintiff's counsel to expend a considerable amount of resources to remand this case. For that reason, Plaintiff is entitled to recover his costs and fees incurred herein.

Even if this court finds that that Defendants' initial removal was not objectively unreasonable, it should nonetheless find that Defendants acted unreasonably by (1) copying and pasting their previously discredited opposition memorandum from *Chamber* into their opposition memorandum in this case, (2) failing to bring that fact to this Court's attention and (3) flatly rejecting Plaintiff's request that they agree to a voluntary remand given the *Chambers* decision. For that reason, at the *very least,* Plaintiff should be awarded his costs and fees incurred in filing the instant reply brief. To reject Plaintiff's request for fees entirely in this case would only embolden Defendants to steadfastly refuse to stipulate to a voluntary remand even after presented with authorities that directly contradict the arguments they incorrectly relied upon when removing the matter in the first place.

///

///

///

///

///

///

///

Page 14 -   PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

## III. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion to Remand and award Plaintiff his reasonable costs and fees incurred as a result of Defendants' improper, unjustified removal of this case.

Date: July 26, 2010.                    **MITRA LAW GROUP**

/s/ Mitra Shahri
Mitra Shahri, OSB No. 021100
mitra@unlawfultermination.com
Eric D. Wilson, OSB No. 044556
eric@unlawfultermination.com
Joel Christiansen, OSB No. 080561
joel@unlawfultermination.com
Tel: (503) 243-4545
Attorneys for Plaintiff

Page 15 -   PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205