MITRA SHAHRI, OSB#021100
mitra@unlawfultermination.com
ERIC D. WILSON, OSB#044556
eric@unlawfultermination.com
JOEL CHRISTIANSEN, OSB#080561
joel@unlawfultermination.com
MITRA LAW GROUP
The American Bank Building
621 SW Morrison St., Ste. 1300
Portland, Oregon 97205
Tel (503) 243-4545
Fax (503) 243-4546
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DONALD DEMONT,<br><br>    Plaintiff,<br><br>  v.<br><br>STARBUCKS CORPORATION; SHEILA GRAY; RYAN JASPERSON; LISA BALL; MEGAN HUMPHREYS-LOVING; and ERIN COCHELL<br><br>    Defendants. | Case No. CV 10-644-ST<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS IN PART TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.  INTRODUCTION

Magistrate Judge Stewart correctly concluded in Findings and Recommendations issued

August 26, 2010 ("F&R") that this Court lacks jurisdiction over this case because Plaintiff has no

Page 1 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS IN PART TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

federal claims and because there is not complete diversity since at least one of the five individually named Defendants is an Oregon resident. (*See* F&R pp. 9, 19.)

Plaintiff does not challenge Magistrate Stewart's conclusion that there is at least a possibility Plaintiff will prevail in state court on his aiding and abetting and retaliation claims against Defendants Gray and Jasperson. (*See* F&R pp. 9.) Nor does Plaintiff challenge Magistrate Stewart's conclusion that Plaintiff's motion should be granted and this matter remanded to state court. (*See* F&R pp. 9, 19.)

Plaintiff does, however, respectfully object to Magistrate Stewart's decision insofar as the F&R recommends that: "on remand to state court, the other three individual defendants [Ball, Humphreys-Loving and Cochell] should be dismissed . . . and the Eighth and Ninth claims should be dismissed for failure to allege facts sufficient to state a claim." (F&R, p. 9). The F&R erred in including this recommendation after it had already concluded that this Court lacks jurisdiction over Plaintiff's claims. The F&R's decision to instruct the State court to dismiss parties and claims from this lawsuit following remand is thus *ultra vires* and should be rejected.

Plaintiff also respectfully objects to the F&R's recommendation to deny Plaintiff's request for an award of his reasonable costs and fees incurred in remanding this matter back to state court. Plaintiff's request for costs and fees should be granted pursuant to 28 U.S.C. §1447(c) because Defendants had no objectively reasonable basis for removing this matter or, alternatively, because unusual circumstances described in detail below warrant such an award.

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

## II. LEGAL AUTHORITY

**A. The F&R Erroneously Concludes that Three Defendants and Two of Plaintiff's Claims Should be Dismissed by the State Court Following Remand.**

Defendants removed this case to federal court citing 28 U.S.C. §1441 despite the fact that Plaintiff has no federal claims and despite the fact that each of the five individually named defendants is an Oregon resident. (*See* Notice of Removal, ¶ 4.) Defendants attempted to conjure diversity jurisdiction where there clearly was none by asserting that each individual Defendant was fraudulently joined to this action and each individual Defendant was, in fact, a mere "sham" defendant whose inclusion should be entirely disregarded. (*Id*.)

28 U.S.C. §1441 is strictly construed *against* removal jurisdiction and the burden of proving that a non-diverse party is a mere "sham" defendant rests with the removing party. *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 682 (9th Cir. 2006); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). When multiple non-diverse defendants remove an action on the purported basis of fraudulent joinder, courts in this circuit have repeatedly held that the Plaintiff need only show he has *one* potentially valid claim against *one* non-diverse defendant to demonstrate a lack of jurisdiction and necessitate a remand. *See, e.g., Knutson v. Allis-Chalmers Corp.,* 358 F.Supp.2d 983, 993 (D. Nev. 2005) ("In order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant."); *Griffin v. Uvex Safety Manufacturing, Inc.,* 2006 U.S. Dist. LEXIS 76309, at *5-6 (D. Or. August 28, 2006) ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.")

Page 3 - PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS IN PART TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

Here, Magistrate Stewart correctly rejected Defendants' fraudulent joinder argument by finding that there is at least a possibility Plaintiff will prevail in state court on the merits of his fourth and fifth claims for relief against Defendants Gray and Jasperson. (F&R, p. 9.) In so holding, Magistrate Stewart determined that this Court lacks jurisdiction over Plaintiff's claims. Put another way, in so holding, Magistrate Stewart determined that this Court has no jurisdiction to rule on the merits of Plaintiff's claims. Yet the F&R does just that by analyzing the remainder of Plaintiff's claims in detail and concluding that, "on remand to state court, the other three individual defendants should be dismissed . . . and the Eighth and Ninth claims also should be dismissed for failure to allege facts sufficient to state a claim." (F&R, p. 9.)

In so holding, the F&R ruled on the merits of Plaintiff's claims without jurisdiction to do so. This Court should thus reject the F&R to the extent it recommends or instructs the State Court to dismiss Defendants Ball, Humphreys-Loving and Cochell and Plaintiff's claims for intentional interference with prospective economic relations (eighth claim) and intentional interference with economic relations (ninth claim) following remand.

This result is necessitated under U.S. Supreme Court precedent holding that a court must determine the issue of jurisdiction as an initial, threshold matter and that if a court concludes it lacks jurisdiction the only proper action is to remand the case without an adjudication on the merits of the plaintiff's claims. *See Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception. Jurisdiction is power to declare the law and when it ceases to exist, the only function

Page 4 -  PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS IN PART TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

remaining to the court is that of announcing the fact and dismissing the cause. . . . [W]ithout jurisdiction the court cannot proceed at all in any cause.")

The *Steel* Court's decision that jurisdiction must be established as a threshold matter is evidenced by two governing provisions of law. The first is Fed. R. Civ. P. 12(h)(3), which provides, "If the court determines at any time that it lacks subject matter jurisdiction, the court *must dismiss the action*." The second is the remand statute itself, 28 U.S.C. § 1447(c), which provides, in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded.*"

Relying on these two statutes, federal courts have held that jurisdiction must be determined first, "as a threshold matter," and that the only proper action after jurisdiction is found lacking is an order remanding the plaintiff's state-law claims in their entirety for adjudication by the state court from which they were removed.

For example, in *International Primate Protection League v. Tulane Educational Fund*, the U.S Supreme Court reversed two lower court decisions erroneously deciding to dismiss a number of the Plaintiff's claims rather than remand that matter in its entirety to the state court from which it had been removed. In reversing the lower courts, the U.S. Supreme Court held:

> Section 1447(c) of Title 28 provides that, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Since the district court had no original jurisdiction over this case, a finding that removal was improper deprives the court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c). . . .
>
> Notwithstanding the clear requirement of § 1447(c), [the defendant] asks us to affirm the Court of Appeals' dismissal of this suit on the ground that a remand of petitioners' claims to Louisiana court would be futile. . . . Whether [the defendant] is correct in arguing that either it or one of its officers will be deemed an indispensible party in state court turns on a question of Louisiana law, and we decline to speculate on the proper result. . . . We also take note, as did

Page 5 -    PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS IN PART TO
THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON  97205

the First Circuit, of "the literal words of § 1447(c)," which, on their face, give no discretion to dismiss rather than remand an action. The statute declares that, if subject matter jurisdiction is lacking, the removed case, "shall be remanded."

*Int'l Primate Protection League v. Tulane Educational Fund,* 500 U.S. 72, 88-89 (1991).

Similarly, in *Smith v. Wisconsin Dep't of Agriculture,* the Seventh Circuit reversed a district court decision dismissing the plaintiff's lawsuit under the doctrine of ripeness after finding that it lacked jurisdiction instead of remanding the case to state court. In reversing the district court, the Seventh Circuit held:

> Perhaps, were the claim remanded to Wisconsin state court, it would there be dismissed on state ripeness or standing grounds. But again, § 1447(c) says that a case removed to federal court "shall be remanded" to the state court if it is discovered that the federal court lacks subject matter jurisdiction. Wisconsin's doctrines of standing and ripeness are the business of the Wisconsin courts, and it is not for us to venture how the case would there be resolved. . . . While we therefore agree with the district court that [plaintiff's] claims cannot yet be heard in federal court, we believe that the district court erred in dismissing the claims.

*Smith v. Wisconsin Dep't of Agriculture,* 23 F.3d 1134, 1141-42 (7th Cir. 1994).

The First Circuit reached an identical conclusion for identical reasons in *MAIN v. Commissioner, Main Dep't of Human Services* and reversed a district court decision dismissing a Plaintiff's complaint rather than remanding it to the state court from which it had been removed. The MAIN court concluded as follows:

> The fact that we believe a certain legal result unlikely, as a matter of state law, is not sufficient grounds for reading an exception into the absolute statutory words "shall be remanded." . . . In sum, despite our doubts about whether MAIN can convince the state court that it has standing and that it may bring its action in the Secretary's absence, we believe that MAIN should have the chance to try. We therefore conclude that the district court ought to have followed the statute, 28 U.S.C. § 1447(c), as written, and remanded the case, *indeed the entire case,* to the state court, permitting that court to decide whether or not to retain the federal Secretary as a party.

*MAIN v. Commissioner, Main Dep't of Human Services,* 876 F.2d 1051, 1055-56 (1st Cir. 1989).

Page 6 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS IN PART TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

Under these authorities, the F&R's analysis of Plaintiff's Motion to Remand should have gone no further than a threshold jurisdictional determination—i.e., whether Plaintiff had "one potentially valid claims against one non-diverse defendant." *See Knutson v. Allis-Chalmers Corp.,* 358 F.Supp.2d at 993. Instead, after concluding that Plaintiff has *two* valid claims against *two* non-diverse defendants, the F&R went on to analyze the *factual sufficiency* of Plaintiff's remaining state-law claims before issuing a decision instructing the state court to dismiss those claims following remand. (See F&R, p. 9.)

This Court should reject the portion of the F&R instructing the State Court to dismiss Defendants Ball, Humphreys-Loving, and Cochell as well as Plaintiff's eighth and ninth cause of action following remand. The court had no jurisdiction to rule on the merits of Plaintiff's remaining claims and its instruction to the State court to dismiss three defendants and two claims was *ultra vires*. *See New York v. Microsoft Corp.,* 209 F. Supp. 2d 132, 145 (D.D.C. 2002), *citing Steel Co.,* 523 U.S. at 101-02 ("The rule that federal courts, at every level, are obligated to inquire of their own jurisdiction is inflexible and without exception. Any other rule would permit court pronouncement on the merits of a case in the absence of jurisdiction—action which is, by very definition, *ultra vires*."). The U.S. Supreme Court has held that Section 1447(c) does not provide for any discretion for a court to dismiss rather than remand claims over which it lacks subject matter jurisdiction. For that reason, the F&R erred when it "speculat[ed] on the proper result" regarding the merits of Plaintiff's state-law claims following remand to state court for lack of jurisdiction. *See Int'l Primate Protection League,* 500 U.S. at 88-89.

Page 7 -   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS IN PART TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

**B.     The F&R Erroneously Recommends that Plaintiff's Request for an Award of His Reasonable Costs and Attorney Fees Should be Denied.**

As noted above, Magistrate Stewart correctly recommended granting Plaintiff's Motion to Remand after finding there was at least a possibility Plaintiff would prevail on two of his state-law claims against two of the individually named, non-diverse defendants. (F&R, p. 9.) However, the F&R also recommends denying Plaintiff's request for an award of his reasonable costs and fees incurred in remanding this matter back to state court. (F&R, p. 19.)

In so holding, the F&R relies upon an incorrect legal standard and does not give sufficient weight to the fact that counsel for Defendants opposed Plaintiff's Motion to Remand by relying almost entirely on legal arguments copied and pasted from a briefing that was specifically rejected by this court in an earlier case without bringing that fact to the Court's attention—even after Defendants were given the opportunity to do so by Plaintiff.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). The decision to grant the award of costs and fees is a discretionary one, requiring the court to balance the need to deter improper removal while affording defendants the right to remove under proper circumstances. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005). "The standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Here, Defendants lacked an objectively reasonable basis for seeking removal. Even if this Court disagrees, unusual circumstances described in detail below warrant an award of costs and fees in Plaintiff's favor.

Page 8 -     PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS IN PART TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

Defendants removed this case on June 7, 2010. On June 9, 2010 counsel for Plaintiff sent Defendants' counsel an email stating that the removal was improper, not objectively reasonable, and that Plaintiff would seek an award of costs and fees unless Defendants stipulated to a remand. (Declaration of Mitra Shahri in Support of Plaintiff's Motion to Remand ("Shahri Decl.") ¶ 5) (F&R 18.) Defendants declined this offer. Counsel for Plaintiff then sent defense counsel a June 14, 2010 letter again specifically stating that Plaintiff would seek costs and fees incurred as a result of removal if it became necessary to file a motion to remand. (Shahri Decl. ¶5 & Ex. 3.) Plaintiff's letter cited Judge Mossman's recent opinion in *Gaither v. John Q. Hammons Hotels Management, et al.* CV 09-629-MO (D. Or. Sept. 3, 2009), and noted that in that opinion, Judge Mossman had specifically rejected the arguments presented in Defendants' removal paperwork purporting to show that Plaintiff's aiding and abetting claim was not cognizable against individuals. (Shahri Decl. ¶5 & Ex. 3.) During subsequent conferral, Defendants' counsel acknowledged the *Gaither* opinion, but refused to stipulate to a remand. (Shahri Decl. ¶5) (F&R 18.)

Instead, in opposing Plaintiff's Motion to Remand, Defendants sought to distinguish *Gaither* by falsely claiming that Judge Mossman's decision turned on the plaintiff's use of the word "plot" in his aiding and abetting allegations, when, in fact, Judge Mossman did not even mention that catchphrase in his analysis of the issues before him. *See Gaither,* CV 09-629-MO, *4-8. (D. Or. Sept. 3, 2009).

In opposing Plaintiff's motion, Defendants then also incorrectly asserted that removal was justified because the heightened pleading standards announced by the U.S. Supreme Court in *Iqbal* applied to an analysis of Plaintiff's motion to remand. Defendants had no good faith

Page 9 - PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS IN PART TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

basis for that argument, which ignored a directly contrary decision from this circuit. *See Lujan v. Girardi,* Civ. Case No. 09-00017, 2009 U.S. Dist. LEXIS 120501, at *16 (D. Guam December 29, 2009) ("*Iqbal* and *Twobly* are irrelevant to the issues before the Court."). Instead of citing this case-law to the Court, however, Defendants argued that *Iqbal* was applicable here by citing four district court cases from other circuits—not one of which so much as even mentioned *Iqbal*. (*See* Defendants' Memorandum of Law in Opposition to Motion to Remand, pp. 7-8) Defendants' citation to four cases that had nothing to do with their asserted position rather than a directly relevant case from this circuit that happened to be contrary to their position is further evidence that Defendants lacked an objectively reasonable basis for removing this case and for opposing Plaintiff's motion to remand.

Defendants' next objectively unreasonable act was to copy and paste over ten pages of argument from an earlier opposition brief that had already been specifically rejected by this Court. (F&R 19 & n. 3.) Defendants submitted their briefing in this case on July 12, 2010. On July 7, 2010, Chief Judge Ann Aiken expressly rejected ten pages of *identical* arguments submitted by Defendants' same law firm in the same procedural context in *Chambers v. United Rentals, Inc.,* 2010 U.S. Dist. LEXIS 69291, at *3-5 (D. Or. July 7, 2010) (attached as Exhibit 1 to the *Supplemental Declaration of Mitra Shahri*).

Page 10 -    PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS IN PART TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

Despite the *Chambers* opinion on July 7, 2010, Defendants essentially copied and pasted their opposition memorandum from *Chambers* into the opposition memorandum they filed with this court on July 12, 2010. (*Compare Supplemental Declaration of Mitra Shahri*, Ex. 2, pp. 5-17, *with* Defendants' Memorandum in Opposition to Plaintiff's Motion to Remand, pp. 10-20.) Defendants did so without any notice to this Court that their identical arguments were specifically rejected in *Chambers*—even after Plaintiff invited them to do so.

By failing to bring that fact to this Court's attention Defendants' arguably violated Fed. R. Civ. P. 11. (F&R 19 & n. 3.) Defendants apparently hoped that neither this Court nor Plaintiff would be paying attention and, in fact, counsel for Plaintiff spent a considerable amount of time briefing a detailed response to Defendants' arguments before finding that they had already been specifically rejected by this Court. Nevertheless, Plaintiff extended the professional courtesy of giving defense counsel the benefit of the doubt by sending a letter on July 19, 2010 advising them of their duty to file a supplemental statement of authorities to bring *Chambers* to this Court's attention and by asking them to reconsider a voluntary remand in light of *Chambers* to avoid having of costs and attorneys' fees awarded against them. (*See* Supplemental Declaration of Mitra Shahri, Ex. 3.) On July 26, 2010, Defendants acknowledged their error in an email but claimed it was inadvertent and stated that they would not agree to a remand because there was still a chance this Court would rule differently than Chief Judge Aiken. (*See* Supplemental Declaration of Mitra Shahri) As a result, counsel for Plaintiff spent considerable additional time preparing the instant reply memorandum.

Despite these facts, the F&R recommends denying Plaintiff's request for costs and fees because "the cases cited by Demont [i.e., *Gaither* and *Chambers*] are recent and not controlling

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

and, thus, do not inevitably lead to the conclusion that defendants' position was completely unfounded." This conclusion does not take into account the fact that the *Chambers* opinion rejected the *identical arguments* presented by Defendants here, which were nonetheless copied and pasted from earlier briefing by Defendants' same law firm. The F&R's conclusion also does not account for the fact that *Gaither* and *Chambers* included discussion of the exact legal issues presented by Defendants here and rejected each of them in extensive analysis that explained why previous decisions regarding Oregon's aiding and abetting statute were no longer good law.

The F&R also recommends denying Plaintiff's request for costs and fees by stating that, "Demont clearly pled some claims against some individual defendants without any factual or legal support." (*See* F&R, p 19.) While Plaintiff disputes this fact, in determining whether an award of costs and fees is appropriate, the issue is not whether Defendants were able to show that one or two of Plaintiff's state-law claims were not cognizable. Instead, the issue is two fold: (1) whether Defendants lacked an objectively reasonable basis for removing this case after Judge Mossman made it crystal clear in his opinion in *Gaither* that Plaintiff's aiding and abetting claim was cognizable against at least one of the individually named Defendants, and (2) whether Defendants lacked an objectively reasonable basis for refusing to stipulate to a remand after Judge Aiken rejected the identical arguments they relied upon here regarding Plaintiff's aiding and abetting claim in the *Chambers* opinion.

Following *Gaither* and *Chambers*, there was never any question but that this matter would be remanded to State court on the basis of Plaintiff's aiding and abetting claims. *See Knutson,* 358 F.Supp.2d at 993 ("In order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant.") Yet

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

Defendants removed this matter in the face of this overwhelming persuasive authority, and then refused on several occasions to stipulate to a remand. For that reason, plaintiff is entitled to an award of his reasonable costs and fees incurred herein pursuant to §1447(c).

Even if this court finds that that Defendants' initial removal was not objectively unreasonable, it should nonetheless find that Defendants acted unreasonably by (1) copying and pasting their previously discredited opposition memorandum from *Chambers* into their opposition memorandum in this case, (2) failing to bring that fact to this Court's attention and (3) flatly rejecting Plaintiff's request that they agree to a voluntary remand given the *Chambers* decision. (*See* F&R, p 19.) For that reason, at the *very least,* this Court should reject the F&R's decision to deny Plaintiff's costs and fees entirely, and award Plaintiff his costs and fees incurred after the Oregon District Court issued its *Chambers* opinion. To reject Plaintiff's request for fees entirely in this case would only embolden Defendants to steadfastly refuse to stipulate to a voluntary remand even after presented with authorities that directly contradict the arguments they incorrectly relied upon when removing a case in the first place.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court *accept and adopt* the F&R with respect to its granting of Plaintiff's Motion to Remand and accept and adopt the F&R with respect to its determination that there is at least a possibility Plaintiff will prevail in state court on his claims for retaliation and aiding and abetting against Gray and Jasperson.

Plaintiff further requests that this Court *reject* the F&R insofar as it: (1) instructs the State court to dismiss Defendants Ball, Humphreys-Loving and Cochell and Plaintiff's eighth and

Page 13 -  PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS IN PART TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205

ninth claim for relief following remand, and (2) insofar as it denies Plaintiff his reasonable costs and fees incurred in remanding this matter to Multnomah County Circuit Court.

Date: September 13, 2010.

**MITRA LAW GROUP**

/s/ Mitra Shahri
Mitra Shahri, OSB No. 021100
mitra@unlawfultermination.com
Eric D. Wilson, OSB No. 044556
eric@unlawfultermination.com
Joel Christiansen, OSB No. 080561
joel@unlawfultermination.com
Tel: (503) 243-4545
Attorneys for Plaintiff

Page 14 - PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS IN PART TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE AMERICAN BANK BUILDING
621 SW MORRISON STREET, STE. 1300
PORTLAND, OREGON 97205