IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DONALD DEMONT,                                          10-CV-644-ST

       Plaintiff,                                    ORDER

v.

STARBUCKS CORPORATION; SHEILA
GRAY; RYAN JASPERSON; LISA
BALL; MEGAN HUMPHREYS-LOVING;
and ERIN COCHELL,

       Defendants.


**MITRA T. SHAHRI**
**ERIC D. WILSON**
**JOEL W. CHRISTIANSEN**
Mitra Law Group
621 S.W. Morrison Street, Suite 1300
Portland, OR 97205
(503) 243-4545

       Attorneys for Plaintiff


**LEAH C. LIVELY**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
222 S.W. Columbia Street, Suite 1500
Portland, OR 97201
(503) 552-2140

       Attorneys for Defendants


1  - ORDER

**BROWN, Judge.**

On August 26, 2010, Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#36) in which she recommends the Court grant Plaintiff's Motion (#9) to Remand this matter to the Multnomah County Circuit Court for the State of Oregon without an award of attorneys' fees and costs to Plaintiff. On September 13, 2010, Plaintiff filed timely Objections to the Findings and Recommendation. The matter is now before this Court for review pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff objects to the Findings and Recommendation on the following grounds: (1) To the extent the Magistrate Judge recommends dismissing any individual Defendant or any of Plaintiff's claims, the Court does not have jurisdiction to rule on the merits of this matter and (2) the Magistrate Judge erroneously denied Plaintiff's request for attorneys' fees and costs incurred to successfully remand this matter.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). For those portions of the Findings and Recommendation to which the parties do not

2 - ORDER

object, the Court is relieved of its obligation to review the record *de novo* as to this portion of the Findings and Recommendation.  *Shiny Rock Min. Corp v. U.S.*, 825 F.2d 216, 218. (9th Cir. 1987).  *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983).

**I.    Dismissal.**

Plaintiff objects to the Magistrate Judge's Findings and Recommendation to the extent the Magistrate Judge recommends dismissing particular Defendants and certain claims of Plaintiff. Specifically, Plaintiff objects to the following statement in the Findings and Recommendation:

> [O]n remand to state court . . . individual defendants [Ball, Humphreys-Loving, and Cochell] should be dismissed from [Plaintiff's Fourth and Fifth] claims and the Eighth and Ninth Claims also should be dismissed for failure to allege facts sufficient to state a claim.

Plaintiff contends if the Court adopts the Magistrate Judge's recommendation to remand this matter, the Court will not have jurisdiction to rule on the merits of Plaintiff's claims.

The Court notes the Magistrate Judge's actual Recommendation is:  "For the reasons discussed above, plaintiff's Motion to Remand (docket #9) should be GRANTED, and this case should be remanded to state court without an award of fees and costs."  The Magistrate Judge did not include in the Recommendation that this Court should dismiss any portion of Plaintiff's Complaint or

3  - ORDER

dismiss any individual Defendants.  Accordingly, the Court will not rule on the merits of Plaintiff's Complaint or on the viability of his claims against any Defendant in this matter.

To the extent Plaintiff contends the Magistrate Judge erred merely by addressing each of the arguments made by Plaintiff and Defendants as to the viability of Plaintiff's claims for purposes of assessing the appropriateness of removal, the Court does not find any error in the Magistrate Judge's analysis for purposes of the removal/remand analysis.

## II. Attorneys' Fees and Costs.

Plaintiff also objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's request for an award of attorneys' fees and costs incurred to successfully obtain a remand of this matter.  Plaintiff contends Defendant did not have an objectively reasonable basis to remove the matter to this Court, and, in any event, there are unusual circumstances that justify an award of attorneys' fees and costs to Plaintiff.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of the removal."  28 U.S.C. § 1447(c).  The decision to award attorneys' fees and costs pursuant to § 1147(c) is left to the court's discretion, but the court must balance Congress's desire to deter unjustified removal while preserving a defendant's right to remove under appropriate circumstances.

4  - ORDER

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138-40 (2005). "The standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. If a district court determines attorneys' fees and costs are warranted under § 1447(c), it retains jurisdiction to award such fees and costs even after issuing an order of remand. *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1215 (9th Cir. 2000)(*citing Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992).

On March 29, 2010, Plaintiff, an Oregon resident, filed his complaint in Multnomah County Circuit Court in which he asserted claims against Defendants Starbucks, a Washington corporation, and Humphreys-Loving, an Oregon citizen. On April 1, 2010, Plaintiff amended his complaint in that court by adding four Starbucks employees as defendants (Gray, Jasperson, Ball, and Cochell), each residents of Oregon, and by asserting nine claims against Defendants under Oregon law.

On June 7, 2010, Defendants filed a notice of removal to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and asserted diversity jurisdiction in this Court on the ground that Plaintiff had fraudulently joined the Starbucks employees to defeat federal jurisdiction.

The Ninth Circuit has held as follows:

> Fraudulent joinder, we have noted, "is a term of art." Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."

*Morris v. Princess Cruises*, 236 F.3d 1061, 1067 (9th Cir. 2001)(quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987))(internal citation omitted). In resolving a motion to remand, the removal statutes are strictly construed against removal jurisdiction and "all questions of disputed fact and controlling law against the party seeking removal." *King ex rel. King v. Aventis Pasteur, Inc.* 210 F. Supp. 2d 1201, 1208-09 (D. Or. 2002)(Brown, J.)(citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995)).

In his Motion to Remand and at oral argument before the Magistrate Judge, Plaintiff maintained he need only demonstrate a single viable claim against a nondiverse defendant to successfully challenge removal. *See King ex re. King*, 210 F. Supp. 2d at 1209. Plaintiff argued his Fourth Claim (retaliation for opposing unlawful discrimination under Or. Rev. Stat. § 659A.030(1)(f)), Fifth Claim (aiding and abetting unlawful discrimination and retaliation under Or. Rev. Stat. § 659A.030(1)(g)), and Eighth and Ninth Claims (intentional

6  - ORDER

interference with economic relations under Oregon common law) are viable as against some or all of the individual Defendants who, as noted, are Oregon residents.

The Magistrate Judge found Plaintiff's Fourth and Fifth Claims against nondiverse Defendants Jasperson and Gray are potentially viable and, therefore, destroy diversity jurisdiction and support a remand.  Neither party challenges these findings by the Magistrate Judge.  The Magistrate Judge, however, concluded Plaintiff's request for attorneys' fees and costs should be denied "due to the lack of settled Oregon law regarding whether the Fourth and Fifth Claims sufficiently state claims against Gray and Jasperson."

Plaintiff objects to the Magistrate Judge's denial of his request for attorneys' fees and costs under § 1447(c) and contends Defendants did not have an "objectively reasonable" basis for removal.  In support of his argument that at least one of his claims against the individual Defendants is viable, Plaintiff contends Oregon law plainly permits an action against employees for aiding and abetting any unlawful action under Oregon Revised Statute § 659A.

Section 659A.030(1)(g) provides it is an unlawful practice for "any person, *whether an employer or an employee*, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so" (emphasis

7 - ORDER

added). For a time under Oregon law, it was not clear whether a plaintiff could maintain an action against an employee under § 659A.030(1)(g) because § 659.121 provided only equitable remedies such as reinstatement and back pay that could not be satisfied by an employee. *See, e.g., Schram v. Albertson's Inc.*, 126 Or. App. 415, 422-24 (1997). In 2007, however, the Oregon legislature amended § 659A.885 to permit, *inter alia*, courts to award compensatory and punitive damages against violators of § 659A.030. Oregon Revised Statute § 659A.885(3) provides: "In any action . . . alleging a violation of . . . 659A.030, . . . [t]he Court may award, in addition to the relief authorized under subsection (1) of this section, compensatory damages or $200, whichever is greater, and punitive damages." Plaintiff seeks equitable relief as well as compensatory and punitive damages against Defendants pursuant to § 659A.030.

Nevertheless, Defendants maintain none of the claims asserted by Plaintiff against the individual Starbucks employees is viable based on the face of the amended complaint and, therefore, Defendants argue they had "objectively reasonable" bases under settled Oregon law to remove this matter to federal court. In particular, Defendants insist Oregon law does not provide for an aiding-and-abetting action against individual Starbucks employees. In support of their position, Defendants cite a "split" among the judges in this District as to whether

8 - ORDER

Oregon law provides for such a claim. For example, in *Sniadoski v. Unimart of Portland*, an unpublished 1993 opinion from this District issued fourteen years before the Oregon legislature amended the statute to permit the recovery of damages against individuals under §§ 659A.030 and 659A.885, Judge Malcolm F. Marsh stated he was unaware of any Oregon cases that addressed individual liability under § 659A.030. No. 93-CV-1051-MA, 1993 WL 797438, at *2(D. Or. Oct. 29, 1993). Judge Marsh concluded individual liability made "little sense" in light of the statute's then existing provision solely for equitable remedies, which could only be satisfied by the employer. *Id.*

Defendant also relies on *Reid v. Evergreen Aviation Ground Logistics Enterprise, Inc.*, an unpublished opinion in which Judge Robert E. Jones stated he "failed to find any cases directly addressing the question of individual liability under § 659A" and noted the parties did not cite any such cases. No. 07-CV-1641-AC, 2009 WL 136019, at *26 (D. Or. Jan. 20, 2009). Judge Jones cited *Sniadoski* favorably, but did not discuss or cite to § 659A.885(3).

Plaintiff notes in his Objections that he made Defendants aware of two later cases from this District in which the Court, in light of the 2007 amendment to § 659A.885, addresses the arguments advanced by Defendants: *Gaither v. John Q. Hammons Hotels Management, LLC,* No. 09-CV-629-MO, slip op. (D. Or.

Sept. 3, 2009), and *Chambers v. United Rentals, Inc.*, No. 10-CV-62-AA, 2010 WL 2730944 (D. Or. July 7, 2010). In *Gaither,* Judge Michael W. Mosman addressed the issue now before this Court and ultimately granted the plaintiff's motion to remand. Judge Mosman discussed at great length and precision the issue of individual liability under § 659A.030, the past decisions in this District concerning the issue (including *Sniadoski and Reid*), and the amendment to § 659A.885(3). He concluded Plaintiff had a possibility of recovery against a nondiverse co-employee defendant. *Id.* at 4-7 (relying on *King* in which the Court held removal is proper only "if the removing party demonstrates there is no possibility the plaintiff can state a cause of action against the nondiverse defendant."). Even though Defendants here cited *Gaither* in their Response, they did not address § 659A.885 as amended and inexplicably cited *Sniadoski* for the pre-amendment proposition that "plaintiff alleges wrongful acts-which are not cognizable under an aiding and abetting theory" despite Judge Mosman's explanation of its inapplicability in light of the amendment to § 659A.885.[1]

Chief Judge Ann Aiken issued her opinion in *Chambers* on

---

[1] Defendants also assert Plaintiff did not allege sufficient facts to support a claim for aiding and abetting. Magistrate Judge Stewart addressed Defendants' argument and found Plaintiff asserts sufficient facts in his amended complaint to support a claim against Defendants Gray and Jasperson for aiding and abetting under § 659A.030. Defendants did not object to the Magistrate Judge's finding.

10 - ORDER

July 7, 2010, five days before Defendants filed their Amended Response to Plaintiff's Motion to Remand.  Chief Judge Aiken also addressed arguments similar to those now before this Court concerning the viability of aiding-and-abetting claims against individual employees under § 659A.030(1)(g) in the context of a motion to remand.  *Id.,* at *1-2.  Specifically, Chief Judge Aiken discounted reliance on cases prior to the Oregon legislature's amendment of § 659A.885(3).  *Id.*  Judge Aiken concluded the plaintiff's claim was cognizable under the "plain language of the [amended] statute."  *Id.*

Shortly after Defendants in this case filed their Response to Plaintiff's Objections but before the time set for oral argument before the Magistrate Judge, Plaintiff sought a stipulated remand from Defendants based on *Chambers* and *Gaither* and sent Defendants a letter that included a copy of *Chambers*.  Defendants refused Plaintiff's offer and continued their opposition to remand.  Defendants continue to maintain their position that "[t]here is no basis for why Judge Stewart might not come to a decision different than Judge Aiken."  This Court disagrees.

As Judge Mosman stated in *Gaither,* the issue is not whether individual defendants are liable to the plaintiff, but whether a claim against individual defendants is possible under Oregon law.  The language of Oregon Revised Statutes §§ 659A.030 and 659A.885

11 - ORDER

at the time Defendants sought removal was clear, and a cursory review of the statutes cited by Plaintiff in his complaint should have been sufficient to demonstrate that Plaintiff had raised a cognizable claim against a nondiverse Defendant.  In other words, Defendants did not need to turn to case law for an interpretation of the amended statute, and their position that there are not any binding Oregon Appeals Court or Ninth Circuit decisions directly addressing the issue is not a ground for ignoring the plain language of the two applicable sections of the statute.  In addition, at the time Defendant sought removal as well as during the proceedings on Plaintiff's Motion to Remand, Defendant had the benefit of Judge Mosman's explanation of the Oregon legislature's amendment to § 659A.885 in which it provided additional remedies under § 659A.030 that made the decisions in *Snaidoski*, *Reid*, and *Schram* inapplicable and made Plaintiff's claims against nondiverse, individual Defendants cognizable under Oregon law.

The heart of the matter here is whether Defendants had an objectively reasonable basis to remove this case to federal court at the time they acted.  In light of the foregoing, the Court concludes Defendants did not have an objectively reasonable basis to seek removal of this matter to federal court.  Accordingly, the Court, in the exercise of its discretion and in the context of balancing the competing goals of § 1447(c), concludes

12 - ORDER

Plaintiff should recover the reasonable attorneys' fees and costs incurred as a result of Defendants' removal of this matter.

With respect to those portions of the Magistrate Judge's Findings and Recommendation to which the parties do not object, the Court has reviewed the legal principles *de novo*, and the Court does not find any error in those portions of the Findings and Recommendation.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation to remand and **DIRECTS** the Clerk of Court to remand this matter to the Multnomah County Circuit Court for the State of Oregon.

The Court **DECLINES TO ADOPT** the Magistrate Judge's recommendation to deny Plaintiff's request for attorneys' fees and costs incurred as a result of Defendants' removal of this action to this Court.  Accordingly, in the exercise of its discretion, the Court awards attorneys' fees and costs incurred to remand this matter to Plaintiff.  In accordance with *Rutledge*, this Court will retain the responsibility to determine the proper award of attorney's fees and costs.  The Court directs counsel for the parties to confer in an effort to agree upon a reasonable award of attorneys' fees and costs and to submit a stipulated order reflecting their agreement **no later than December 30, 2010.**

13 - ORDER

If the parties cannot reach an agreement, Plaintiff shall file **no later than January 7, 2011,** a motion and a memorandum and other supporting materials pursuant to Federal Rule of Civil Procedure 54(d)(2) setting out the reasonable attorneys' fees and costs Plaintiff has incurred in this remand proceeding.  Plaintiff shall comply with the Court's policies with respect to fee petitions.  See Court website at http://ord.uscourts.gov/court-policies/message-from-the-court-regarding-fee-petitions.  Defendants' response, if any, shall be filed **no later than January 21, 2011**.  Plaintiff may file a reply **no later than January 28, 2011**, when the Court will take the issue under advisement.

    IT IS SO ORDERED.

    DATED this 15th day of December, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge